IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01617-PAB-MJW

PAYOUTONE,

    Plaintiff,

v.

CORAL MORTGAGE BANKERS and
DARREN J. HAYDEN,

    Defendants.
_____

**ORDER**
_____

Plaintiff PayoutOne, LLC ("Payout") brings this action asserting claims against two parties that allegedly caused it harm in connection with a loan to a third party. The matter is presently before the Court on defendant Coral Mortgage Bankers' ("Coral") Amended Motion to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 20]. Jurisdiction in this case is premised upon diversity of the parties as provided in 28 U.S.C. § 1332 (2006).

**I. FACTS**

    **A. Factual Background**

The following facts are taken from plaintiff Payout's Amended Complaint and are presumed to be true for the purposes of this order. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Josh Toerpe, who is not a party in this case,

sought the assistance of plaintiff Payout in acquiring a particular piece of property in Littleton, Colorado (the "Property").  Plaintiff Payout provided Mr. Toerpe a short term "bridge loan" to assist with that acquisition.  As a condition to this loan, Payout required Mr. Toerpe to refinance his debt on the Property immediately after acquisition.  Through some combination of a "Conditional Approval" and emails, defendant Coral agreed to refinance Mr. Toerpe's debt on the Property.  Ultimately, Mr. Toerpe was unable to refinance the debt on the Property and defaulted on his loan.

### B.  Procedural Background

Payout originally filed this case on June 13, 2008, in Colorado State District Court against defendant Coral alone.  On July 30, 2008, Coral removed the case to this Court pursuant to 28 U.S.C. § 1441 [Docket No. 1].  On October 22, 2008, Magistrate Judge Michael J. Watanabe ordered Payout to file an amended complaint which reflected the fact that the State District Court judge had previously consolidated the case against Coral with a related case against an appraiser, Darren Hayden, who was involved in the transactions regarding the Property [Docket No. 15].  On October 31, 2008, Payout filed its amended complaint [Docket No. 16].  The amended complaint includes five claims for relief; the first two claims are against defendant Hayden alone, while the third, fourth, and fifth claims are asserted solely against defendant Coral.

On November 17, 2008, Coral filed a motion to dismiss.  *See* Def. Coral Mortgage Bankers Corp.'s Mot. to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 18].  Later that same day, Coral filed an amended motion to dismiss, correcting a typographical error.  *See* Def. Coral Mortgage Bankers Corp.'s Am. Mot. to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 20] ("Am. Mot. to Dismiss").  Coral's amended

2

motion to dismiss seeks dismissal of plaintiff's third, fourth, and fifth claims as an operation of Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Within the same motion, Coral suggests that it may also be entitled to summary judgment under Federal Rule of Civil Procedure 56. On December 3, 2008, Payout responded to Coral's amended motion to dismiss [Docket No. 24]. On December 18, 2008, Coral replied [Docket No. 27]. The motion is fully briefed and ripe for review.

## II. ANALYSIS

### A. Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard

Pursuant to Rule 12(b)(6), dismissal of a claim for relief is appropriate where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). In testing the legal sufficiency of the complaint, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado*, 493 F.3d at 1215.

Under Rule 12(b)(6), the Court need not accept conclusory allegations as true. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Rather, to survive dismissal pursuant to Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *TON Servs., Inc. v. Qwest Corp.*,

493 F.3d 1225, 1236 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1974 (2007)). The plausibility standard articulated by the Supreme Court in *Twombly* did not, however, displace Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Erikson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curium). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 127 S.Ct. at 1964).

### 2. Supplemental Documents

In its motion to dismiss, defendant Coral notes that the Tenth Circuit has held that "[a] written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")) However, the documents which defendant Coral would like the Court to consider in ruling on the motion to dismiss are not attached to the complaint. Instead, they are attached to its amended motion to dismiss. Therefore, *Hall v. Bellmon* will not serve as justification for the Court's looking beyond the complaint itself in the context of Coral's amended motion to dismiss.

On the other hand, the Tenth Circuit also decided that a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*,

4

493 F.3d at 1215 (quoting *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). In the present case, the parties offer and discuss the "Conditional Approval" allegedly issued by defendant Coral to Mr. Toerpe. *See* Am. Mot. to Dismiss ¶ 12; *id.*, Ex. 2. While this document arguably qualifies as "central" to Payout's claims, and the parties contest its effect, not its authenticity, I do not consider this document in ruling on Coral's motion to dismiss. For the purposes of this Order, the characterization in the complaint is sufficient to establish its impact on Coral's motion to dismiss. *See* Am. Compl. ¶ 12. Furthermore, although plaintiff Payout refers to "emails" in its complaint, *see id.* ¶ 30, and both parties provide certain emails in connection with the motion to dismiss, *see* Am. Mot. to Dismiss, Exs. 2, 3, 4, 5; Exhibits to Pl.'s Verified Resp. to Mot. to Dismiss, Exs. 2, 3 [Docket No. 25], there is no indication that the included emails amount to all or even part of the emails referred to in the amended complaint. Therefore, they will not be considered as part of my analysis of this motion. *Cf. Alvarado*, 493 F.3d at 1216 (stating that certain evidence "likely should have been excluded" from a 12(b)(6) analysis where it was not clear that the portion considered represented all of the relevant excerpts).

### 3. *Evaluation of Plaintiff's Claims*

A federal court with diversity-based jurisdiction over a case applies the laws of the forum state in analyzing the underlying claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)*; Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). Cases that have been removed under 28 U.S.C. § 1441(a) are no different. *See Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 309 (10th Cir. 1950) ("It is a well

established principle that in removal cases the Federal Court must apply the state law and the state policy.").

### a. Breach of Contract

Plaintiff Payout's third claim for relief asserts a breach of contract by defendant Coral. To state a claim for breach of contract under Colorado law, a plaintiff must sufficiently plead the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The first step in establishing the existence of a contract is a showing that it was properly formed. Contract formation requires mutual assent to an exchange between competent parties – where an offer is made and accepted – regarding a subject matter which is certain, and for which there is legal consideration. *See Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997).

Although Payout's amended complaint demonstrates only a semblance of an agreement between it and Coral, given all reasonable inferences, an agreement is pled nonetheless. First plaintiff Payout asserts, "Defendant Coral promised plaintiff they would refinance Mr. Toerpe's Property debt, and on June 15, 2006, issued a Conditional Approval to Mr. Toerpe." Am. Compl. ¶ 12. Then it asserts that "[p]ursuant to e-mails and verbal exchanges, Coral expressly promised to refinance Mr. Toerpe's Property debt after Mr. Toerpe acquired the Property." *Id.* ¶ 30. Finally, Payout avers

that "[i]n return and as consideration for Coral's contractual promise, plaintiff loaned Mr. Toerpe $475,500." *Id.* ¶ 31.

A unilateral promise is not sufficient consideration for creating an enforceable contract. Instead there must be an exchange of one party's promise or performance for the other party's promise or performance. *See DeFeyter v. Riley*, 606 P.2d 453, 454 (Colo. App. 1979); Restatement (Second) of Contracts §§ 3, 72, 75 (1981). Here, Payout alleges that Coral promised to refinance Mr. Toerpe's debt, and in exchange, Payout made Mr. Toerpe a bridge loan. In Colorado, the standard for finding the existence of consideration does not set a high bar. *See W. Fed. Sav. & Loan Ass'n v. Nat'l Homes Corp.*, 445 P.2d 892, 897 (Colo. 1968) ("A benefit to the promisor or detriment to the promisee can constitute consideration, however slight."). Furthermore, the promisee need not be the recipient of the bargained-for performance. *See Wellshire Land Co. v. City & County of Denver*, 87 P.2d 1, 2 (Colo. 1939) ("Benefit to a third party is sufficient consideration for a contract."); Restatement (Second) of Contracts § 71(4) (1981). Therefore the bridge loan can serve as consideration for Coral's alleged promise.

Therefore, the complaint plausibly demonstrates an agreement between Payout and Coral, satisfying the first element of a breach of contract claim. Furthermore, Payout adequately pleads the second and third elements of the claim by averring that it performed its obligation under the contract by loaning Mr. Toerpe the money, *see* Am. Compl. ¶¶ 13, 31, and that Coral failed to deliver on its respective obligation by failing to refinance the Property. *See id.* ¶ 18, 32. Finally, Payout adequately pleads the fourth

and final element of a breach of contract claim, averring that it suffered damages as a result of Coral's failure to perform under the alleged agreement. *See id.* ¶ 32.

Coral argues, and Payout does not protest, that this case implicates Colorado's credit agreement statute of frauds. Colo. Rev. Stat. Ann. § 38-10-124 (West 2008); *cf. Schoen v. Morris*, 15 P.3d 1094, 1098, 1100 (Colo. 2000) (holding that the credit agreement statute of frauds applies to promises between a lender and a third-party lender). According to the statute, "no debtor or creditor may file or maintain an action or a claim relating to a credit agreement involving a principal amount in excess of twenty-five thousand dollars unless the credit agreement is in writing and is signed by the party against whom enforcement is sought." Colo. Rev. Stat. Ann. § 38-10-124(2) (West 2008). Therefore, the agreement upon which Payout bases its breach of contract claim against Coral must be in writing.

The amended complaint refers to more than one potential written source of the alleged promise. First, it mentions Coral's "Conditional Approval" issued to Mr. Toerpe. *See* Am. Compl. ¶ 12. However, it is unlikely that this document can serve as the necessary writing evincing the promise to Payout because, as the amended complaint notes, it is addressed to Mr. Toerpe rather than Payout. The other potential "writing" evincing an agreement between Payout and Coral are the emails referred to within Payout's breach of contract claim. *See* Am. Compl. ¶ 30 ("Pursuant to *e-mails* and verbal exchanges, Coral expressly promised to refinance Mr. Toerpe's Property debt after Mr. Toerpe acquired the Property." (emphasis added)).

Although, it is not clear whether emails qualify as a "writing" for the purposes of the statutes of frauds in Colorado, there are strong arguments contending that they

8

should.  *See Bazak Int'l Corp. v. Tarrant Apparel Group*, 378 F. Supp. 2d 377, 384-86 (S.D.N.Y. 2005); *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 245 F. Supp. 2d 251, 261 (D. Me. 2003); *cf.* 15 U.S.C. § 7001 ("Notwithstanding any statute, regulation, or other rule of law . . . with respect to any transaction in or affecting interstate or foreign commerce – (1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and (2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.").

The only case in Colorado that appears to have dealt with the question of whether an email is a "writing" is an as-of-yet unpublished Colorado Court of Appeals case which found that emails do qualify as "writings."  *See Gleneagle Civic Ass'n v. Hardin*, No. 07CA1918, 2008 WL 4592161, at *5-6 (Colo. App. Oct. 16, 2008).  I find the court's conclusion in *Hardin* to be persuasive and follow it here.

The traditional statute of frauds does not require that the requisite writing be a single document.  *See Beckwith v. Talbot*, 2 Colo. 639, 646-47 (Colo. 1875); *Bennett v. Moring*, 522 P.2d 741, 743 (Colo. App. 1974); Restatement (Second) of Contracts § 132 (1981) ("The memorandum may consist of several writings if one of the writings is signed and the writings in the circumstances clearly indicate that they relate to the same transaction.").  There is no indication that the credit agreement statute of frauds operates under a different standard.

As a result, the multiple emails to which the amended complaint refers may serve to satisfy the writing requirement under the credit agreement statute of frauds. Therefore, in making all inferences in Payout's favor, I conclude that the amended complaint's reference to the emails serves, in this procedural posture at least, to meet the writing requirement in the credit agreement statute of frauds. Consequently, Payout's breach of contract claim is plausible, and as such survives dismissal under Rule 12(b)(6).

### b. Promissory Estoppel

In its fourth claim for relief, plaintiff Payout asserts that defendant Coral is liable to it under a promissory estoppel theory. In Colorado, the elements of a promissory estoppel claim are (1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) action or forbearance induced by that promise; and (3) the existence of circumstances such that injustice can be avoided only by enforcement of the promise. *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995). "The presence of these elements will prevent the lack of a written contract from defeating a plaintiff's claim." *Id.*

Payout properly pleads a typical promissory estoppel claim, citing a promise that it alleges Coral intended or reasonably should have expected would be relied upon and acted upon by Payout in a definite and substantial way. *See* Am. Compl. ¶¶ 34-35. The complaint also avers that Payout did in fact rely upon Coral's alleged promise by making Mr. Toerpe the bridge loan. *See id.* ¶¶ 13, 36. Finally, the complaint alleges that in order to avoid injustice, Coral's alleged promises must be enforced.

10

Although an oral promise can serve as the basis for a promissory estoppel claim, as discussed above, Colorado's credit agreement statute of frauds applies in this case. *See* Colo. Rev. Stat. Ann. § 38-10-124 (West 2008). Furthermore, unlike the traditional statute of frauds, a party may not avoid the writing requirement in the credit agreement statute of frauds by arguing promissory estoppel. *See* Colo. Rev. Stat. Ann. § 38-10-124(3) (West 2008) ("A credit agreement may not be implied under any circumstances, including, without limitation, from the relationship, fiduciary or otherwise, of the creditor and the debtor or from performance or partial performance by or on behalf of the creditor or debtor, or *by promissory estoppel*." (emphasis added)); *Lang v. Bank of Durango*, 78 P.3d 1121, 1123-24 (Colo. App. 2003). Therefore, the promise upon which Payout bases its promissory estoppel claim must be in written form. *See Schoen v. Morris*, 15 P.3d 1094, 1099-1100 (Colo. 2000).

Again, when making all inferences in Payout's favor, I conclude that the amended complaint's reference to the emails meets the writing requirement in the credit agreement statute of frauds. As a result, plaintiff Payout's fourth claim – under a promissory estoppel theory – also survives Coral's motion to dismiss.

### c. Detrimental Reliance

Payout entitles its fifth claim against Coral as one for "Detrimental Reliance." Payout then lays out essentially the same elements that it did in its promissory estoppel claim. Coral argues that this claim should be dismissed because "detrimental reliance" is not a recognized cause of action under Colorado law. Indeed, as noted above, detrimental reliance is an element of promissory estoppel. Payout does not contest

11

Coral's assertion or explain itself in any way regarding this claim. Therefore, I hold that Payout's fifth claim for relief – for "detrimental reliance" – is dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### B. Converting a Motion to Dismiss into a Motion for Summary Judgment

In its motion to dismiss, Coral argues in the alternative for summary judgment under Federal Rule of Civil Procedure 56. As Coral points out, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215-1216 (10th Cir. 2007). There is no requirement, however, that a court automatically convert a motion to dismiss to a motion for summary judgment simply because one or both parties file documents in connection with a motion to dismiss. As discussed above, the documents presented by the parties were excluded from the Court's Rule 12(b)(6) analysis. Furthermore, because discovery is ongoing in this case and rule 12(d) requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," I conclude that converting Coral's motion to dismiss into a motion for summary judgment would not be appropriate at this time.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that defendant Coral Mortgage Bankers' Amended Motion to Dismiss [Docket No. 20] is GRANTED in part, and DENIED in part. Plaintiff's fifth claim for relief in the amended complaint (detrimental reliance) is dismissed with prejudice. Plaintiff's

third claim for relief (breach of contract) and fourth claim for relief (promissory estoppel) are not dismissed and remain in force. It is further

**ORDERED** that defendant Coral Mortgage Bankers' Motion to Dismiss [Docket No. 18] is DENIED as moot.

DATED February 9, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge