IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01617-PAB-MJW

PAYOUTONE, LLC,

     Plaintiff,

v.

CORAL MORTGAGE BANKERS and
DARREN J. HAYDEN,

     Defendants.

_____

**ORDER DENYING MOTION TO DISMISS AND
REMANDING CASE TO STATE COURT**

_____

     This matter comes before the Court on defendant Coral Mortgage Bankers'
notice regarding a jurisdictional issue [Docket No. 61] and motion to dismiss co-
defendant Darren Hayden [Docket No. 62].  The Court's jurisdiction of this case is
premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  However,
defendant Coral Mortgage Bankers' recent filings call into question the Court's subject-
matter jurisdiction.  For the reasons discussed below, the motion to dismiss is denied
and the case is remanded to state court for all further proceedings.

## I.  BACKGROUND

     At some point in 2007, plaintiff PayoutOne, LLC ("Payout") filed a lawsuit against
defendant Darren Hayden in the District Court for Jefferson County, Colorado.  The
case centered around a real estate appraisal Mr. Hayden performed in connection with

a loan made by Payout.[1]   On June 13, 2008, plaintiff Payout filed a separate case against defendant Coral Mortgage Bankers Corp. ("Coral Mortgage") surrounding the same loan and Coral Mortgage's failure to refinance that loan.  *See* Notice of Removal [Docket No. 1], ex. A at 3-5.  On the same day, Payout filed a motion to transfer the Coral Mortgage action and consolidate it with the Hayden action in state court.  *See* Notice of Removal, ex. A at 6-7.  On June 18, 2008, the state court granted the request and the cases were consolidated.  *See* Notice of Removal, ex. A at 8-10.

On July 30, 2008, Coral Mortgage removed the entire case to this Court pursuant to 28 U.S.C. § 1441 and the Court's original jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal.  The notice of removal stated that defendant Coral Mortgage was "a New York entity, with its principal place of business at NJ" and defendant Hayden was a "resident" of Colorado.  Notice of Removal ¶¶ 6-7.  The notice of removal also stated that "[p]laintiff, Payout One, alleges it is a Utah corporation with a principal place of business in Sandy Utah."  Notice of Removal ¶ 5.  In reality, rather than allege that Payout was a corporation, the complaint alleged that "[p]laintiff PayoutOne, *LLC* is a *business* organized in Utah, with its principal place of business in Sandy Utah." Notice of Removal, ex. A at 3, ¶ 1 (emphasis added).  The difference is significant for, as will be discussed in greater detail below, the citizenship of a limited liability company ("LLC") is determined under a different standard than the citizenship of a corporation.

---

[1] At the time of removal, another defendant, Gregory S. Woods, was also a party to this case.  However, Mr. Woods was dismissed by operation of Payout's amended complaint.  *See* Am. Compl. [Docket No. 16].

*See U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, *2 (D. Colo. July 10, 2009).

On October 22, 2008, Magistrate Judge Michael J. Watanabe ordered Payout to file an amended complaint which reflected the fact that the state district court judge had consolidated the case against Coral Mortgage with the case against Mr. Hayden. *See* Minute Order [Docket No. 15]. On October 31, 2008, Payout filed an amended complaint which contained a jurisdictional averment regarding Payout that is identical to the one in the original complaint: "[p]laintiff PayoutOne, LLC is a business organized in Utah, with its principal place of business in Sandy Utah." Am. Compl. ¶ 1; *see* Notice of Removal, ex. A at 3, ¶ 1. The amended complaint also included a proper averment regarding Mr. Hayden, stating that he was a "citizen" of Colorado, as opposed to Coral Mortgage's averment in the notice of removal that Mr. Hayden was a "resident" of Colorado. *See* Am. Compl. [Docket No. 16] ¶¶ 1-2; Notice of Removal ¶ 7; *see also Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." (internal citation omitted)). Under these jurisdictional averments, on February 9, 2009, the Court granted in part and denied in part Coral Mortgage's motion to dismiss all of Payout's claims against Coral Mortgage under Federal Rule of Civil Procedure 12(b)(6). *See* Order [Docket No. 33].

On July 27, 2009, Coral Mortgage filed a notice in which it informed the Court of a jurisdictional defect. *See* Def. Coral Mortgage Bankers Corp. Notice of Jurisdictional

Issue [Docket No. 61] ("Notice of Jurisdictional Issue").  According to the notice, Coral

Mortgage recently discovered that in originally ascertaining the citizenship of plaintiff

Payout, it incorrectly applied the legal standard for corporations rather than the

standard for LLCs.  *See* Notice of Jurisdictional Issue at 1-2.  Furthermore, Coral

Mortgage explained, that under the correct standard – a limited liability company, for

diversity purposes, is a citizen of the states of which its members are citizens, *Hale v.*

*MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) – plaintiff Payout is

a citizen of, *inter alia*, the state of Colorado.  Therefore, because defendant Hayden is

also a citizen of Colorado, the Court's only basis of jurisdiction over this case, diversity

of citizenship under 28 U.S.C. § 1332(a), is defeated.  *See Owen Equip. & Erection Co.*

*v. Kroger*, 437 U.S. 365, 373-74 (1978) (noting that § 1332(a) requires complete

diversity, that is, no plaintiff is a citizen of a state of which any defendant is also a

citizen).

On July 28, 2009, in an attempt to perfect this Court's subject-matter jurisdiction,

defendant Coral Mortgage filed a motion to dismiss its non-diverse co-defendant, Mr.

Hayden.  *See* Def. Coral Mortgage Bankers Corp.'s Mot. to Dismiss Def. Hayden

Pursuant to Rule 21 [Docket No. 62] ("Def. Coral Mortgage's Mot. to Dismiss Co-Def.

Hayden").  On August 3, 2009, Payout filed a response in opposition to Coral

Mortgage's motion.  *See* Pl.'s Resp. to Mot. to Dismiss [Docket No. 67] ("Pl.'s Resp.").

On August 6, 2009, Coral Mortgage filed a reply.  *See* Def. Coral Mortgage Bankers

Corp.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss Def. Hayden Pursuant to Rule 21

[Docket No. 68].  To date, neither Mr. Hayden nor any other party has apprised the

4

Court of Mr. Hayden's position regarding Coral Mortgage's motion to dismiss him as a party.

## II.  ANALYSIS

### A.  Federal Rule of Civil Procedure 21

Under the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  Coral Mortgage's present motion argues that the Court should exercise its discretion under this rule by dismissing defendant Hayden from this case.[2]  *See* Def. Coral Mortgage's Mot. to Dismiss Co-Def. Hayden at 3-8.  Dismissal of defendant Hayden, in turn, would create complete diversity in the case and, as a result, Payout's claims against Coral Mortgage could proceed in this forum.

Courts have applied Federal Rule of Civil Procedure 21 to dismiss parties that interfere with the Court's diversity jurisdiction but whose presence is not "required" under Federal Rule of Civil Procedure 19.  *See Jett v. Phillips & Assocs.*, 439 F.2d 987, 990-91 (10th Cir. 1971); *Kenko Int'l Inc. v. Asolo S.r.l.*, 838 F. Supp. 503, 506 (D. Colo. 1993); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable

---

[2] Although at one point Coral Mortgage characterizes its request as the "undoing" of the state court's previous consolidation, *see* Def. Coral Mortgage's Mot. to Dismiss Co-Def. Hayden at 3, Coral Mortgage's motion only requests dismissal of Mr. Hayden. Coral Mortgage has not requested severance and remand of the claims against Mr. Hayden under the final sentence of Rule 21.  Therefore, while such an approach faces many of the same obstacles as the outright dismissal of Mr. Hayden, the Court makes no specific finding as to the appropriateness of such a tack.

nondiverse party to be dropped at any time, even after judgment has been rendered."). Because the language of Rule 21 is permissive, the decision to dismiss parties rather than dismiss or remand the entire case rests within the sound discretion of the district court. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998); *Varley v. Tampax, Inc.*, 855 F.2d 696, 700 (10th Cir. 1988) (""[W]ithout complete diversity, the district court could have dismissed the action 'in its entirety' for lack of jurisdiction without ruling on [the] motion for summary judgment.").

Coral Mortgage argues that defendant Hayden is "dispensable" under Rule 19 and, as such, should be dismissed from the case under Rule 21. Coral Mortgage also argues that dismissal is justified because: it would not prevent full adjudication of all of Payout's claims on their merits; the claims against Coral Mortgage are different than the claims against Mr. Hayden and, as such, require different evidence to establish liability; and dismissal would serve the interests of efficiency based on this Court's familiarity with and time invested in the case thus far. Ultimately, regardless of whether Mr. Hayden is dispensable, the present circumstances and Coral Mortgage's arguments fail to convince me to exercise my discretion in favor of Mr. Hayden's dismissal. Therefore, the issue of Mr. Hayden's indispensability has no bearing on the outcome, and I do not address it.

Instead, the result in this case hangs on a number of considerations that courts have taken into account when faced with similar circumstances. Although there does not appear to be a structured analysis which courts undertake, the following factors appear to weigh in the analysis: the posture of the case and the identity of the parties, efficiency concerns including the point at which the jurisdictional issue is revealed,

6

potential prejudice to each of the parties, and the culpability of the parties related to the defect and the time of revelation.  Based on these considerations, I find that dismissal of Mr. Hayden under Rule 21 is not appropriate in this case and, instead, remand the case to state court.

### B.  Posture of the Case and Identity of the Parties

The present case's status as a removal case bears heavily on the analysis under Rule 21.  For one thing, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction."). For another, it is well established that the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Finally, a plaintiff is generally considered to be the "master" of its claims.  *See Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996).  Absent a specific right to do so, a defendant may not wrest a plaintiff's case from a selected state forum through removal.  *See Schmeling*, 97 F.3d at 1342 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (Brennan, J., concurring)); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 95 (10th Cir. 1970). These doctrines have prompted courts to note that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."

*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

With these doctrines in mind, courts around the country have treated Rule 21 motions by removing defendants requesting dismissal of non-diverse parties against the will of plaintiffs as presumptively disfavored.  *See*, *e.g.*, *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 542-43 (6th Cir. 2006); *Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285 (M.D. Fla. 2002); *Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 817-18 (N.D. Ill. 1998); *Spann v. Nw. Mut. Life Ins. Co.*, 795 F. Supp. 386, 390 (M.D. Ala. 1992).  This result also is manifested in and supported by the heavy burden faced by a removing party in proving diversity jurisdiction based on an assertion of fraudulent joinder.  *See Estate of Hill v. Allstate Ins. Co.*, 354 F. Supp. 2d 1192, 1196 (D. Colo. 2004).  That being said, no per se rule exists against dismissal under Rule 21 in removal cases and on rare occasions courts have allowed it.  However, these cases appear to involve some peculiar circumstance which otherwise would work injustice against the moving party.  *See*, *e.g.*, *Kenko Int'l*, 838 F. Supp. 503.

Therefore, the presumptions that underlie all removal cases require the Court to take a measured approach in applying Rule 21 in those cases.  Defendants such as Coral Mortgage who seek dismissal of a non-diverse party against the will of the plaintiff bear a particularly heavy burden in justifying dismissal in lieu of remand.

## C.  Efficiency Concerns

Coral Mortgage's arguments in favor of dismissal of Mr. Hayden under Rule 21 appear to focus on the issue of efficiency.  For example, Coral Mortgage correctly asserts that because Payout brings substantively distinct claims against Coral Mortgage and Mr. Hayden, Payout will ultimately need to prove certain facts which are unique to each claim and each defendant.  However, because all of the claims relate to a common transaction – the refinancing of a particular parcel of property – they also share many of the same background facts.  It is this commonality of facts which apparently convinced the state court to consolidate the cases in the first instance. Although Coral Mortgage now seems to insinuate that the original consolidation may have been procedurally improper, *see* Def. Coral Mortgage's Mot. to Dismiss Co-Def. Hayden at 2, Coral Mortgage does not make, nor has it at any previous point made, a direct argument challenging the decision by the state court to consolidate the cases. Therefore, contrary to Coral Mortgage's representations in its present motion to dismiss, many of the facts underlying the claims against Coral Mortgage and the claims against Mr. Hayden are similar or interrelated.  As a result, the fact that each claim requires Payout to prove some facts that are unique to that claim does not override the judicial efficiency gained in sending this case to trial intact.

The second efficiency argument – that the Court's familiarity with the case thus far through management of discovery and the order granting in part and denying in part Coral Mortgage's Rule 12(b)(6) motion – does not favor dismissal either.  The discovery process appears to be complete and there is no reason to believe that the parties could not use the discovery obtained while the case was in this Court in the state court

9

proceedings.  *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe,

Federal Civil Procedure Before Trial § 2:1122 (Nat'l Ed. 2009).  Upon remand, some

resetting of the case will undoubtedly occur, but the state court will likely be able to

expedite or avoid altogether any additional discovery and otherwise move the case

expeditiously toward trial.

      As for the Court's order regarding Coral Mortgage's earlier motion to dismiss,

while it may have narrowed the issues in the case, it did so based on conjecture

regarding how the Colorado Supreme Court would decide a number of unsettled

questions of state law.  *Cf. Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994) ("If

a federal court cannot ascertain the law of the forum state, we must in essence sit as a

state court and predict how the highest state court would rule.").  The issues in question

were relatively discrete and could be addressed just as easily by the state court on

remand.  That court's decision then could be vetted through the state-court appeals

process providing binding guidance on these questions.  As a result, any efficiency

gained by preserving the Court's decision on Coral Mortgage's Rule 12(b)(6) motion are

offset by the efficiency gained through remand and the potential vetting of the state-law

issues in state court.

      Finally, because there are no cases in this circuit which parallel the present one,

there remains a risk that a decision to dismiss Mr. Hayden under Rule 21 would be

reversed on review by the Tenth Circuit.  Therefore, taking the long view of the case,

the potential time and effort lost through remand are overshadowed by the greater loss

that would occur should an appeal reverse this Court's decision to dismiss defendant

Hayden.  *See Allendale Mut. Ins. Co. v. Excess Ins. Co.*, 62 F. Supp. 2d 1116, 1118, 1122 (S.D.N.Y. 1999).

Closely intertwined with considerations of efficiency is the issue of when the jurisdictional defect was raised.  Under Rule 21, courts will often consider the time, expense, and effort devoted to a case prior to the point at which the jurisdictional defect surfaces.  *See*, *e.g.*, *Newman-Green, Inc.*, 490 U.S. at 837-38; *Lenon*, 136 F.3d at 1372.  At one end of the spectrum are cases where the defect was known at the time of removal.  However, there does not appear to be a single case in which a court has dismissed a properly joined, yet dispensable, non-diverse party under Rule 21 at the behest of a removing defendant when the defect was known and properly presented at the time of removal.

At the other end of the spectrum, some courts have employed Rule 21 where the jurisdictional issue first came to light after one party prevailed on the merits through, for example, summary judgment or trial.  *See*, *e.g.*, *Newman-Green, Inc.*, 490 U.S. 826; *Varley*, 855 F.2d 696; *Jett*, 439 F.2d 987.  However, in removal cases, courts often are unpersuaded by the fact that a party has prevailed on the merits in federal court prior to the revelation of the jurisdictional issue.  *See*, *e.g.*, *Curry*, 462 F.3d 536 (ordering remand to state court after summary judgment in favor of moving defendant); *Allendale Mut. Ins. Co.*, 62 F. Supp. 2d 1116 (remanding to state court following trial, judgment, appeal, and remand from circuit court).

The present case lies somewhere in between.  Thus far, the Court has issued only interlocutory orders.  Furthermore, a motion for summary judgment remains

11

pending, no trial has occurred, and no judgment has entered.  Therefore, the timing of the revelation does not impact the Court's determination in a meaningful way.  As a result, the Court finds that dismissal of Mr. Hayden under Rule 21 does not produce a significant efficiency gain, if any, over the alternative – remand to state court.

### D.  Prejudice to the Parties

The Supreme Court, in a case upholding an appellate court's use of Rule 21, instructed that "[i]n each case, the appellate court should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation."  *See Newman-Green, Inc.*, 490 U.S. at 837-38.  District courts have heeded this counsel as well.  *See, e.g., Ferry*, 185 F. Supp. 2d at 1288-89.  I now consider the prejudice incurred by each party based on whether the Court grants or denies Coral Mortgage's motion to dismiss Mr. Hayden under Rule 21.

Because inefficiency in the litigation process can amount to prejudice to some party, many of the efficiency concerns discussed above are also relevant to the prejudice analysis.  Therefore, to the extent that remand would result in delay or redundance, the potential for prejudice exists.  However, that potential is significantly outweighed by the prejudice attending a dismissal of Mr. Hayden under Rule 21.

Plaintiff Payout pursued a consolidated action against both defendants in state court and now opposes the dismissal of Mr. Hayden.  *See generally* Pl.'s Resp.  As a result, dismissal of Mr. Hayden under Rule 21 would frustrate both plaintiff's choice of forum and plaintiff's choice of defendants.  Because, as noted above, a plaintiff is the master of his claims, *see Schmeling*, 97 F.3d at 1339, the involuntary restructuring of

this litigation against Payout's will would amount to prejudice.  Furthermore, the dismissal of Mr. Hayden from this action would force Payout to bear the additional time and expense of reinitiating and re-litigating an entirely new and separate case against Mr. Hayden.

Payout is not the only party that faces prejudice under Coral Mortgage's proposed course of action.  Mr. Hayden also would incur the cost, delay, and inconvenience of starting anew the litigation process in a case that was originally filed in 2007.  Because of this potential impact on Mr. Hayden, Mr. Hayden's input on the present motion would be instructive to the Court.  *Cf. Varley*, 855 F.2d at 700-01 (noting as significant that the potentially dismissed parties under Rule 21 did not object).  Coral Mortgage reports that it conferred with Mr. Hayden's counsel, but does not explain Mr. Hayden's position.  *See* D.C.COLO.LCivR 7.1A ("The court will not consider any motion . . . unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter.  *The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule*." (emphasis added)).  Because the Court cannot be assured that Mr. Hayden is willing to shoulder the potential prejudice faced by his dismissal, the Court assumes that his dismissal would burden him.  In conclusion, after weighing the prejudice that would attend the Court's two possible alternatives, I conclude that greater prejudice would result from dismissal of Mr. Hayden than from remand to state court.

**E.  Culpability of the Parties**

Some commentators question the ultimate impact that a party's culpability in creating or raising a jurisdictional issue should have on a court's analysis under Rule 21.  *See* 15 Moore's Federal Practice – Civil § 102.18 (2009).  However, on an equitable level, courts recognize the importance of incorporating this factor into the Rule 21 analysis.  *See Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1238 (7th Cir. 1993) ("If a plaintiff wants to retain a nondiverse defendant, it is no business of the court to tell him he can't; the court's job in such a case is to tell the plaintiff that he can't stay in federal court.  But when a plaintiff having elected federal jurisdiction goes all through the trial and appeal of his case without breathing any jurisdictional doubts, we think he should be deemed to have consented to the dropping of nondiverse parties if necessary to preserve federal jurisdiction."); *Allendale Mut. Ins. Co.*, 62 F. Supp. 2d at 1123-24 (discussing culpability of parties regarding revelation of jurisdictional defect).

Coral Mortgage is the party that bears most, if not all, of the responsibility for the present jurisdictional predicament.  Coral Mortgage made the deficient jurisdictional averments in the notice of removal.  Moreover, the rule that an LLC is a citizen of the state of citizenship of each of its members was announced some eight years earlier in this district and no case has intentionally contradicted it.  *See Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000).  Thus, Coral Mortgage knew or should have known of the proper jurisdictional standard for removal.

Furthermore, Coral Mortgage failed to acknowledge that Payout was an LLC, claiming instead that Payout was a corporation.  Coral Mortgage utilized an incorrect measure of Mr. Hayden's citizenship, referring to his state of residence rather than his state of citizenship.  *See Cummings*, 445 F.3d at 1259-60.  Contrary to the law of this circuit, Coral Mortgage failed to obtain or at least communicate the consent of Mr. Hayden to the removal in the first instance.  *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).  Coral Mortgage also removed a case which it was not entitled to remove.  *See* 28 U.S.C. § 1441(b) (2006) ("Any [non-federal-question] action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Coral Mortgage claims that "[t]his removal was predicated on a question unsettled in the 10th [C]ircuit: whether the citizenship of a limited liability company is its place of incorporation and principal place of business or whether it is the citizenship of each and every member of the limited liability company," to be unlikely.  *See* Def. Coral Mortgage's Mot. to Dismiss Co-Def. Hayden at 2.  While it is true that the Tenth Circuit has not ruled on the issue, the law in other circuits is not in doubt and, in any event, Coral Mortgage did not raise the issue earlier and, therefore, failed in its duty to investigate and establish this Court's jurisdiction in connection with removing the case to this Court.

## III. CONCLUSION

Coral Mortgage, as the removing party in this case, bears the burden of establishing this Court's jurisdiction.  Having failed to meet that burden in the present

15

case, Coral Mortgage now seeks relief through Federal Rule of Civil Procedure 21. However, I find that the circumstances and posture of this case militate against such a dismissal.  The factors discussed above – the parties and procedural posture, efficiency benefits including the timing of the revelation of the defect, the potential for prejudice, and Coral Mortgage's culpability regarding the jurisdictional defect – convince the Court that the more prudent tack is remand.  Therefore, the Court exercises its discretion under Rule 21 and declines to dismiss Mr. Hayden from this action.  As a result, there is no diversity of citizenship, this Court lacks jurisdiction, and this case must be remanded. *See* 28 U.S.C. § 1447(c) (2006); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Furthermore, because the Court has lacked jurisdiction over this case from the outset, all previously entered orders must be vacated.  *See Cunningham*, 427 F.3d at 1245-46.

Wherefore, it is

**ORDERED** that defendant Coral Mortgage Bankers' motion to dismiss co-defendant Darren Hayden [Docket No. 62] is DENIED.  It is further

**ORDERED** that this case is REMANDED to the District Court for Jefferson County, Colorado, where it was originally filed as Case No. 2007CV7067.  It is further

**ORDERED** that because this Court lacks jurisdiction over this matter, all settings and previous orders are hereby vacated.

DATED October 22, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge